IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CARL PIERCE,                                )
                                            )
        Plaintiff,                          )
                                            )   Case Number 07-cv-0798-MJR-DGW
        vs.                                 )
                                            )
ALAN UCHTMAN, JAMES TAYLOR,                 )
JAMES CHANDLER, TERRY LUEHR,                )
                                            )
        Defendants.                         )
                                            )

## MEMORANDUM AND ORDER

REAGAN, District Judge:

        The Eighth Amendment to the United States Constitution forbids cruel and unusual punishment.  This ban requires prison officials to take reasonable measures to guarantee the safety of inmates, such as providing adequate medical care, *see Minix v. Canarecci*, **598 F.3d 824, 830 (7th Cir. 2010),** and protecting inmates from violence at the hands of fellow prisoners, *see Santiago v. Wells*, **– F.3d –, 2010 WL 1170654 (7th Cir. March 29, 2010).**  This § 1983 lawsuit filed on behalf of an inmate in the custody of the Illinois Department of Corrections alleges that four correctional officers were deliberately indifferent to his safety by failing to protect him from an attack at the hands of his cellmate.  Now pending before the Court is a February 5, 2010 summary judgment motion (Doc. 26) filed by the four correctional officials – Alan Uchtman, James Taylor, James Chandler and Terry Luehr ("Defendants").  For the reasons discussed below, the Court partially grants and partially denies the motion.

        Carl Pierce filed this lawsuit after being assaulted November 10, 2005 while incarcerated at Menard Correctional Center.  On that morning, Pierce awoke to discover that his right eye was bleeding and that he had lost his sight in that eye.  Despite having lost his vision in one eye, Pierce saw his cellmate (Kurt Parker) trying to flush a pen down the toilet.  Pierce concluded that Parker had injured him.

Defendants all worked at Menard in November 2005.  Uchtman was the Warden.  Taylor, Chandler and Luehr were correctional officers.  Pierce alleges that Defendants were deliberately indifferent to his safety by placing him in a  cell with a dangerous inmate and failing to protect him from harm.   In their motion for summary judgment, Defendants argue: (1) Pierce's claims are barred by the statute of limitations; (2) Pierce's evidence against Luehr and Taylor fails to show that they were deliberately indifferent; (3) Uchtman was not personally involved in placing Pierce in the cell with Parker and had nothing to do with the assault; and (4) Uchtman is entitled to qualified immunity.

The Court need not address the merits of any of these arguments.  In his memorandum responding to Defendants' motion, Plaintiff Pierce (who is represented by counsel) *consented* "to the entry of judgment in favor of defendants Taylor, Luehr, and Uchtman" (Doc. 31, p. 2).  Consequently, the Court **GRANTS** the motion for summary judgment with respect to Defendants Taylor, Luehr, and Uchtman.   At the conclusion of this case, the Clerk of Court **shall enter judgment** in favor of Defendants Taylor, Luehr and Uchtman and against Plaintiff Pierce.  This leaves Pierce's claim against Defendant Chandler.

The Court **DENIES** the motion for summary judgment as to Defendant Chandler**.**

The only argument presented for summary judgment as to Defendant Chandler was that Pierce's claims are barred by the applicable two-year statute of limitations for § 1983 claims.   But in their reply brief, Defendants *withdrew* their statute of limitations argument entirely (Doc. 32, p. 1).   Indeed, defense counsel conceded that "Plaintiff is correct regarding the statute of limitations" (*id.*).[1]

---

[1]     Review of the calendar indicates why.  The attack occurred November 10, 2005.  The two-year limitations period did not expire until November 13, 2007, because November 11th was a Sunday, November 12th was a legal holiday (Veterans' Day), and the then-applicable Rules of Civil Procedure gave Pierce until the next day – November 13, 2007 (the day he filed suit).

In their summary judgment motion and memorandum, Defendants presented no argument on the merits of Plaintiff's claim against Chandler.  Chandler is mentioned just once in the statement of undisputed material facts.   Furthermore, a genuine issue of material fact precludes summary judgment as to Chandler – whether Chandler had knowledge of a tangible threat to Pierce's safety.  ***See, e.g., Borello v. Allison*, 446 F.3d 742, 747 (7th Cir. 2006)(to prove deliberate indifference, an inmate must show that the defendant correctional official was subjectively aware of the risk and failed to take reasonable measures to prevent it).**

Pierce maintains that he attempted to tell Chandler both orally and in writing that he was having problems with his cellmate.  In his deposition (excerpts of which were furnished with Defendants' summary judgment motion, *see* Doc. 27-1, pp. 38-40), Pierce testified that he "told Chandler a few different times" about the problem with his cellmate, told Chandler that he (Pierce) needed to be moved from the cell, and specifically told Chandler (regarding cellmate Parker) "this guy is, you know, trying to start a fight with me."   If true, these facts could support Pierce's deliberate indifference claim against Defendant Chandler.  ***See Weiss v. Cooley,* 230 F.3d 1027, 1032-1033 (7th Cir. 2000)(§ 1983 liability is established when a defendant is "aware of a substantial risk of injury to the [inmate] but nevertheless failed to take appropriate steps to protect him from a known danger.");** *Lewis v. Richards,* **107 F.3d 549, 553 (7th Cir. 1997) (failure to provide protection constitutes deliberate indifference when a prison official "effectively condones the attack by allowing it to happen.");  and** *Storie v. Randy's Auto Sales, LLC,* **589 F.3d 873, 876 (7th Cir. 2009) ("summary judgment is proper only if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.")**

---

For these reasons, the Court **GRANTS** Defendants' motion for summary judgment (Doc. 26) as to Defendants Uchtman, Taylor and Luehr, and **DENIES** it as to defendant Chandler**.**   All that remains herein is Plaintiff Pierce's claim against Defendant Chandler.

The Clerk's Office shall reflect the termination of the other three Defendants on the docket sheet, and counsel shall correct the style/caption of all future pleadings accordingly (*Carl Pierce, Plaintiff vs. James Chandler, Defendant*).

IT IS SO ORDERED.

Dated April 23, 2010

s/ Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge